14 F.3d 594
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John V. HALE, Petitioner,
v.
ISLAND CREEK COAL CO; Director, Office of Workers'
Compensation Programs, U.S. Department of Labor, Repondents.
 No. 92-1851.
 United States Court of Appeals,
Fourth Circuit.
 Submitted June 8, 1993.
Dec. 20, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board.
 John V. Hale, petitioner pro se.
 Douglas Allan Smoot, Jackson & Kelly; Deborah Elaine Mayer, Barbara J. Johnson, U.S. Department of Labor, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John Hale appeals from a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of benefits under the Black Lung Benefits Act (Act), as amended, 30 U.S.C. Secs. 901-45 (1988 & Supp.1990). Finding that the ALJ's decision was supported by substantial evidence, we affirm.
 
 
 2
 The ALJ found that Hale failed to invoke the interim presumption pursuant to 20 C.F.R. Sec. 727.203(a) (1991). The Director, Office of Workers' Compensation Programs ("Director"), takes issue on appeal with the ALJ's weighing of the blood gas studies pursuant to Sec. 727.203(a)(3).* The record contains one qualifying arterial blood gas study performed in February 1980 and two non-qualifying studies conducted in April 1981. The ALJ accorded greater weight to the 1981 studies based on their recency, the qualifications of the physician that performed them, and because the 1981 study tested the miner's blood gas levels both at rest and after exercise.
 
 
 3
 We find that this last ground is supported by substantial evidence and constitutes a rational basis for the ALJ's finding of no invocation pursuant to subsection (a)(3). In Gray v. Director, Office of Workers' Compensation Programs, 943 F.2d 513 (4th Cir.1991), we recognized that at rest and post-exercise blood gas studies are separate tests, entitled to independent weight. The fact that the ALJ must consider the independent weight of these separate tests, rather than to consider them together as one test, is also recognized by Board case law. See Frazio v. Consolidation Coal Co., 8 BLR 1-223 (1985); Coen v. Director, Office of Workers' Compensation Programs, 7 BLR 1-30 (1984). The ALJ could rationally rely on the quantity of the evidence as part of the weighing process. See Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 484 U.S. 135 (1987). Moreover, because Dr. Abernathy performed different types of tests, the ALJ could reasonably find that these studies provided more complete information than the results of Dr. Berry's 1980 test.
 
 
 4
 Our finding obviates the need to address the Director's remaining arguments. Similarly, our disposition makes it unnecessary to address Island Creek Coal Company's challenges to the validity of the "true doubt" rule. Accordingly, we affirm the ALJ's finding of no invocation under Part 727. We note that the ALJ's consideration of Hale's claim under 20 C.F.R. Sec. 410.490 (1991) is no longer proper in light of the Supreme Court's decision in Pauley v. BethEnergy Mines, Inc., 59 U.S.L.W. 4778 (1991), and that the ALJ's weighing of the evidence in this case also precludes entitlement under Part 410 of the regulations. Finally, we deny Island Creek Coal Company's motion for oral argument because argument would not aid the disposition of this case. The decision of the Board is, accordingly,
 
 
 5
 AFFIRMED.
 
 
 
 *
 We find that substantial evidence supports the ALJ's finding of no invocation based on X-rays, ventilatory studies, or medical reports. See 20 C.F.R. Sec. 727.203(a)(1), (2) & (4)